BEVAN J. MAXEY
MAXEY LAW OFFICE PLLC
Attorneys for Defendant
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338
(509) 325-4490 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) NO. 1:22-CR-02097-SAB |
| Plaintiff, | ) |
| | ) |
| | ) DEFENDANT'S SENTENCING |
| v- | ) MEMORANDUM |
| | ) |
| VALLEY PROCESSING, INC., | ) |
| | ) |
| Defendant. | ) |

## I.  Introduction

COMES NOW Defendant, VALLEY PROCESSING, INC., by and through their attorney, Bevan J. Maxey, and hereby submits the following memorandum in support of the reasonable sentence as proposed in the Plea Agreement.

## II.  Background

**Procedural Background**

Valley Processing Inc. (VPI) was a Washington Corporation registered in 1980 by its owner Mary Ann Bliesner. Around 2019, the FDA began investigating Ms. Bliesner and VPI for various violations of federal food safety laws. As a result of the investigation,

SENTENCING MEMORANDUM RE:
VALLEY PROCESSING, INC. - 1

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

VPI ceased operations in 2020. On January 14, 2021, VPI signed the Consent Decree of Permanent Injunction and agreed to not engaged in the processing, manufacturing, preparing, packing, holding, or distributing any type of food. ¶ 7 VPI also agreed that within 270 days of the entry of the Decree, all juice products in their possession would be destroyed at their own expense. ¶ 9 Every 30 days until the end of the 270-day period, VPI agreed to provide photographic evidence of their efforts to ship product for destruction and a destruction report consisting of certificates of destruction from the facility disposing of the product. *Id*. Further, they agreed to allow the FDA full access to make inspections of VPI facilities to ensure compliance with the decree. ¶ 10 VPI agreed to provide any information or records to the FDA and to pay all costs for FDA supervision, analyses, examinations, and reviews that the FDA deems necessary to ensure compliance with the Decree. *Id*.

VPI also agreed that if they fail to comply with any provisions of the Decree, they shall pay two thousand dollars for each violation of the Decree and an additional sum of two hundred fifty dollars for each day they fail to comply and an additional sum equal to twice the retail value of each shipment of adulterated food. ¶ 17 VPI has provided a copy of the Decree to each and all their directors, officers, representatives, employees, attorneys, successors, assigns, and all person in active concert with any of them. ¶ 20 The Decree has also been posted in all facilities and has been discussed in detail with all employees. *Id*. Finally, VPI has provided the FDA with an affidavit of compliance

SENTENCING MEMORANDUM RE:
VALLEY PROCESSING, INC. - 2

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

stating the facts and manner of compliance as well as the names and positions of all individuals notified. *Id.* No subsequent allegations of FDA violations have emerged since the initial investigation.

On September 13, 2022, Mary Ann Bliesner and her company, Valley Processing, Inc., (VPI) were indited for 12 counts of violations spanning 21 U.S.C. § 331(a), 333(a)(2), 342(a)(1), (a)(3), (a)(4), (b)(3), and (b)(4), 21 U.S.C §§ 331(dd) and 333(a)(2), 18 U.S.C. § 371, and 18 U.S.C. § 1341 and 1349. On December 17, 2024, Ms. Bliesner pled guilty on behalf of Defendant Valley Processing, Inc. ("VPI") to count 1 of the indictment, Conspiracy to Introduce Adulterated and Misbranded Food into Interstate Commerce, in violation of 18 U.S.C. § 371, 21 U.S.C. §§ 331(a), 333(a)(2), 342(a)(1), (a)(3), (a)(4), (b)(3), and (b)(4). The Court accepted the guilty plea and ordered that a presentence investigation report (hereinafter "PSIR") be prepared.

In essence, VPI has accepted responsibility for any misconduct. The corporation ceased operations years ago. The assets have been sold off an d for all practical purposes the corporation is 'deceased'. There is no likelihood of future violations.

**B. Offense Conduct**

SENTENCING MEMORANDUM RE:
VALLEY PROCESSING, INC. - 3

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

VPI was a Washington corporation that manufactured single-strength fruit juice and fruit juice concentrate and was located and headquartered in Sunnyside, Washington. VPI manufactured juice and juice concentrated from apples, pears, and grape juice, which it supplied globally.

Beginning at least around October 29, 2012, and continuing until at least May 2, 2018, the unregistered Grape Road Facility was used by Ms. Bliesner and VPI to hold and store grape juice products, where the facility failed to follow applicable food safety laws. VPI had received at least $742,139 in revenue from its customers Ludfords, Inc., and Indian Summer Cooperative, Inc. for its sale of adulterated grape juice concentrate from 2016 to 2019.

C.  Guideline Calculation

**BASE OFFENSE**

The United States and the Defendant agree that the base offense level is 6. U.S.S.G. §§ 8C2.3; 2N2.1(a) and (c); 2B1.1(a)(2).

**SPECIFIC OFFENSE CHARACTERISTICS**

The United States and the Defendant agree that because Defendant obtained at least $742,139 from its conduct, the offense level should be increased by 14 levels

SENTENCING MEMORANDUM RE:
VALLEY PROCESSING, INC. - 4

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

pursuant to U.S.S.G. §§ 8C2.3; 2N2.1(a) and (c); 2B1.1(b)(1)(H).  The United States and Defendant further agree that because Defendant employed sophisticated means in committing the offense, the offense level should be increased by an additional 2 levels pursuant to U.S.S.G. §§ 8C2.3; 2N2.1(a) and (c); 2B1.1(b)(10), resulting in a total adjusted offense level of 22.

The parties have no agreement whether any other specific offense characteristics are applicable.  The United States and Defendant may argue for or against any adjustments and/or enhancements under the USSG noted in the Presentence Investigation Report.

The United States and Defendant agree that pursuant to U.S.S.G. § 8C2.4, the base fine is $2,000,000.  U.S.S.G. § 8C2.4(d). The United States and Defendant further agree that the culpability score for the Defendant is 8, pursuant to U.S.S.G. §§ 8C2.5(b)(5), (e), and (g)(2).

**D.  Plea Agreement/Addendum Summary**

- The Government agrees at the time of sentencing to dismiss count 2 through 12 of the Indictment as to Defendant.

- The parties agree that the base level for both offenses is 6, pursuant to U.S.S.G. § 2N2.1 (a) and (c); 2B1.1(a)(2); 3D1.2.

- The parties agree to that, because Defendant's financial obligations shall be paid in full at or before sentencing and because Defendant is no longer a going

SENTENCING MEMORANDUM RE: VALLEY PROCESSING, INC. - 5

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

business concern, the Court need not impose a term of probation. U.S.S.G. § 8D1.1.

- The United States and Defendant agree that the guideline fine range for Defendant is $3,200,000 to $6,400,000. The United States agrees to recommend no additional criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

- The parties agree forfeiture applies. See 18 U.S.C. § 982(a)(7) by way of 18 U.S.C. § 24 and 21 U.S.C. § 331; 28 U.S.C. § 2461(c). With respect to forfeiture, the parties agree to the following:

    o Defendant agrees to forfeit to the United States all right, title, and interest in the following property: a $742,139 money judgment payable at the time of sentencing, which represents the estimated amount of proceeds Defendant obtained as a result of her illegal conduct. The United States and Defendant agree that this money judgment is joint and several with Defendant Mary Ann Bliesner.

    o Defendant understands the United States may seek for Defendant to forfeit substitute property in satisfaction of the money judgment if the United States can establish the following regarding the above-described property (i.e., the money judgment): a) it cannot be located upon the exercise of due diligence; b) it has been transferred or sold to, or deposited with, a third party; c) it has been placed beyond the Court's jurisdiction; d) it has substantially diminished in value; e) it has been commingled with other property and cannot be divided without difficulty. See 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(p). The United States will not seek to forfeit substitute property from other defendants or co-conspirators; it may only forfeit substitute property from Defendant. See 21 U.S.C. § 853(p).

    o Defendant understands the United States may seek restitution for the victim(s) in this case independent of this money judgment. It is the parties' mutual understanding that the United States Attorney's Office will seek approval to apply the proceeds of any forfeited assets to Defendant's restitution obligations. Defendant recognizes the final decision to approve this application rests with the Attorney General. See 18 U.S.C. § 981(d), (e); see also 28 C.F.R. 9 et. seq.

SENTENCING MEMORANDUM RE: VALLEY PROCESSING, INC. - 6

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

- - Defendant agrees to cooperate with the United States in passing clear title on all forfeited assets and to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets. Defendant also agrees to assist the United States in locating any assets that 1) are the proceeds of illegal conduct (as outlined in this Plea Agreement) and 2) have not been dissipated. If such assets are located, then Defendant will stipulate to their forfeiture.

  - Defendant agrees to waive oral pronouncement of forfeiture at the time of sentencing. See Fed. R. Crim. P. 32.2(b)(4)(B). Defendant stipulates and agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including a claim that forfeiture in this case constitutes an excessive fine or punishment. Defendant stipulates and agrees to hold the United States, and its agents and employees, harmless from any and all claims whatsoever in connection with the investigation, the prosecution of charges, and the seizure and forfeiture of property covered by the Plea Agreement.

  - Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

- Defendant agrees to pay the $400 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

- The United States agrees that no restitution is owing for any applicable victims.

- The defendant understands he has a limited right to appeal or challenge his conviction and the sentence imposed by the Court. The defendant expressly waives his right to appeal any fine, term of supervised release, or forfeiture order.

SENTENCING MEMORANDUM RE: VALLEY PROCESSING, INC. - 7

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

- The defendant expressly waives the right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. §2255 except one based on ineffective assistance of counsel.

### III.  Argument

The sentence proposed in the Plea Agreement comports with sentencing guideline factors to be considered in 18 U.S.C. § 3553 (a). The § 3553(a) factors include:

the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further crimes, and provide the defendant with needed educational and vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the sentencing ranges established by the USSG; (5) any pertinent policy statement issued by the USSG; (6) the need to avoid unwarranted sentence disparities among defendants with similar records or who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

In imposing a sentence in accordance with the policies detailed in 18 U.S.C. § 3553(b), "the court shall impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553 (a).

The proposed sentence is both reasonable and sufficient to meet the objectives of sentencing under 18 U.S.C. § 3553 (a), without being greater than necessary. VPI has accepted responsibility for its conduct, immediately ceased operations in 2020, and has

SENTENCING MEMORANDUM RE: VALLEY PROCESSING, INC. - 8

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

not been operating for approximately five years. The company is essentially defunct and exists solely for the purpose of satisfying its remaining financial obligations and poses no risk of future violations. Further, VPI has existed for over 40 years and has no history of violations or misconduct. Since the original investigation and charges, they have committed no other violations. Considering these circumstances, the recommended sentence appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and ensures deterrence, while also acknowledging the diminished need for further corrective measures.

## IV.  Conclusion

The Defendant respectfully request that the Court impose the sentence in accordance with the Plea Agreement between the parties.

Respectfully submitted June 2, 2025.

> MAXEY LAW OFFICES, PLLC
>
> */s/ Bevan J. Maxey*
>
> _____
> BEVAN J. MAXEY
> Attorney for Defendant Valley Processing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

SENTENCING MEMORANDUM RE: VALLEY PROCESSING, INC. - 9

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax

Daniel Hugh Fruchter
US Attorney's Office – SPO
920 West Riverside, Suite 300
Spokane. WA 99210-1494
509-353-2767
Email: Daniel.fruchter@usdoj.gov

Tyler Howard Louis Tornabene
US Attorney's office – SPO
920 West Riverside, Suite 300
Spokane. WA 99210-1494
509-353-2767
Email: USAWAE.TTornabeneECF@usdoj.gov

Carl J. Oreskovich
Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
509-747-9100
Email: carl@ettermcmahon.com

Andrew Wagley
Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
509-747-9100
Email: awagley@ettermcmahon.com

Jennifer Dykstra
US Probation
Jennifer Dykstra jennifer_dykstra@waep.uscourts.gov

　　　　　　　　　　　　　　　　*/s/ Holly Eagle*
　　　　　　　　　　　　　　　　Holly Eagle, Legal Assistant

SENTENCING MEMORANDUM RE: VALLEY PROCESSING, INC. - 10

Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338 phone
(509) 325-4490 Fax